**Dated: November 10, 2022**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: | |
| PELCO STRUCTURAL, L.L.C., | Case No. 21-11926-JDL <br> Chapter 11 |
| Debtor. | |

### ORDER CONFIRMING THE DEBTOR'S
### CHAPTER 11 PLAN OF REORGANIZATION

This matter comes on for consideration of the Debtor's Chapter 11 Plan of Reorganization [Doc. 198; Solicitation Version Filed at Doc. 212] (the "Plan") filed by Pelco Structural, L.L.C. (the "Debtor").[1]

On September 20, 2022, the Court entered its Order (I) Approving Disclosure Statement, (II) Determining Dates, Procedures, and Forms Applicable to Solicitation

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Plan.

1823258

Procedures, (III) Establishing Vote Tabulation Procedures, and (IV) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of Plan [Doc. 210] (the "Disclosure Statement Order").

On September 23, 2022, the Debtor mailed the Plan, Disclosure Statement [Doc. 211], Plan Supplement [Doc. 209], Disclosure Statement Order, and Notice of Hearing to Consider Confirmation of, and Deadline for Objecting to, Debtor's Chapter 11 Plan of Reorganization [Doc. 215] to all parties in interest. On that same date, the Debtor also mailed ballots for accepting or rejecting the Plan to parties in interest entitled to vote on the Plan.

The deadline for objecting to confirmation of the Plan was November 3, 2022, which passed with one objection being filed by the Office of the United States Trustee [Doc. 223]. The sole objection to confirmation has been resolved by agreement of the parties.

On November 10, 2022, a hearing for confirmation of the Plan was held.

The Court having found that notice of the Plan and the opportunity for any party in interest to object to confirmation having been adequate and appropriate as to all parties affected or to be affected by the Plan, and the Court finding that good cause has been shown and that the Plan complies with applicable provisions of the Bankruptcy Code, finds that the Plan should be confirmed.

IT IS THEREFORE ORDERED THAT:

1.      Subject to the changes provided for herein, the Plan is confirmed pursuant to Bankruptcy Code section 1129.

2.      The terms of the Plan are incorporated herein by reference and are an integral part of this Order; *provided that* if there is any direct conflict between the terms of the Plan and the terms of this Order, the terms of this Order shall control solely to the extent of such conflict.

3.      The terms of the Plan and this Order shall be effective and binding as of the Effective Date on all parties in interest, including the Debtor and all holders of Claims or Interests. All stays provided for in this Chapter 11 case pursuant to Bankruptcy Code section 362 or otherwise and in effect as of the entry of this Order shall remain in full force and effect until the Effective Date.

4.      The third party release and injunction language contained in Article II(C) of the Plan is hereby deleted. For the avoidance of doubt, as amended, Article II(C) of the Plan shall provide, in its entirety, the following:

> **C. Priority Tax Claims**
>
> Except to the extent that a holder of an Allowed Priority Tax Claim (i) has been paid prior to the Effective Date or (ii) agrees to a different treatment, Allowed Priority Tax Claims shall be paid in full on the Effective Date.

5.      The release, exculpation, and injunction provisions contained in the Plan, except for any release, exculpation, and injunction provisions contained in Article II(C), are hereby approved and authorized in all respects, and shall be immediately effective on

3

the Effective Date without further order or action on the part of the Court or any other party, which provisions include the following:

*VIII.C. Discharge of Claims and Termination of Interests*

**Except as provided in the Plan, the rights afforded in and the payments and distributions to be made under the Plan shall be in exchange for and in complete satisfaction, discharge, release, termination, and cancellation of all existing debts, Claims, and Interests of any kind, nature, or description whatsoever, including any interest accrued on any Claims from and after the Petition Date, against the Debtor or any of its assets or properties to the fullest extent permitted by Bankruptcy Code section 1141. Except as provided in the Plan, upon the Effective Date, all existing Claims against and Interests in the Debtor shall be, and shall be deemed to be, discharged, terminated, and cancelled, as applicable, and all holders of Claims and Interests shall be precluded and enjoined from asserting against the Reorganized Debtor, its successors or assigns, or any of its assets or properties, any other or further Claim based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a proof of claim, and whether or not the facts or legal bases thereof were known or existed prior to the Effective Date.**

*VIII.D. Exculpation and Limitation of Liability*

> **NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, AS OF THE EFFECTIVE DATE, NEITHER THE DEBTOR, THE REORGANIZED DEBTOR, THE PROPONENT, NOR THEIR RESPECTIVE ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, RESTRUCTURING CONSULTANTS, OTHER CONSULTANTS, FINANCIAL ADVISORS, NOR ANY OF THEIR RESPECTIVE OFFICERS, DIRECTORS, REPRESENTATIVES, AGENTS, EMPLOYEES, OR ANY OTHER PERSON ACTING OR PURPORTING TO ACT ON THEIR BEHALF, WHETHER IN THE PAST OR CURRENTLY, SHALL HAVE OR INCUR ANY LIABILITY TO ANY PERSON OR ENTITY FOR ANY ACT TAKEN OR OMITTED TO BE TAKEN IN CONNECTION WITH, OR RELATED TO THE FORMULATION, NEGOTIATION, PREPARATION, DISSEMINATION, IMPLEMENTATION, ADMINISTRATION, CONFIRMATION OR CONSUMMATION OF THE PLAN, OR ANY OTHER CONTRACT, INSTRUMENT, RELEASE OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN OR ANY**

**OTHER ACT TAKEN OR OMITTED TO BE TAKEN IN CONNECTION WITH OR IN CONTEMPLATION OF THE RESTRUCTURING OF THE DEBTOR, PROVIDED, HOWEVER, THAT THE FOREGOING PROVISIONS SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY PERSON OR ENTITY THAT RESULTS FROM ANY SUCH ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT.**

*VIII.E. Injunctive Relief Relating To Claims and Releases*

**THE CONFIRMATION ORDER WILL PERMANENTLY ENJOIN THE COMMENCEMENT OR PROSECUTION BY ANY ENTITY, WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE OF ANY CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION OR LIABILITIES RELEASED OR EXCULPATED PURSUANT TO THIS PLAN, INCLUDING CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION OR LIABILITIES RELEASED UNDER THE PLAN. THIS DOES NOT IN ANY WAY RESTRICT OR LIMIT ANY CREDITOR FROM ASSERTING CLAIMS AGAINST ANY NON-DEBTOR THIRD-PARTY, TO WHICH IT MAY OTHERWISE BE ENTITLED.**

*VIII.F. Release By Exelon of the Tolling Agreement Parties*

**Upon final payment to Exelon under this Plan, Exelon shall be deemed to fully release all claims and causes of action against the Tolling Agreement Parties and the Tolling Agreements shall be of no further use or effect.**

6. In accordance with Article XI(C) of the Plan, the Debtor or the Reorganized Debtor, as applicable, may amend or modify the Plan in accordance with Bankruptcy Code section 1127(b). Holders of Claims or Interests that have accepted the Plan shall be deemed to have accepted the Plan as amended or modified unless the proposed amendment or modification materially and adversely changes the treatment of holders of Claims or Interests.

7.      In accordance with Bankruptcy Rules 2002 and 3020(c), no later than three (3) business days after the Effective Date, the Reorganized Debtor shall cause notice of confirmation and occurrence of the Effective Date (the "Notice of Effective Date") to be served to all parties in interest.  Mailing of the Notice of Effective Date in the time and manner set forth in this paragraph will be good, adequate, and sufficient notice under the particular circumstances and in accordance with the requirements of Bankruptcy Rules 2002 and 3020(c).

8.      The requirements under Bankruptcy Rule 3020(e) that an order confirming a plan is stayed until the expiration of 14 days after entry of the order is hereby waived.  This Order is a Final Order and shall take effect immediately.  The Debtor is authorized to consummate the Plan on any day after entry of this Order, subject to satisfaction or waiver of any conditions precedent set forth in the Plan.

9.      The Debtor or Reorganized Debtor, as applicable, and its officers, employees, and agents are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

10.     This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Findings of fact are based upon representation of counsel.

IT IS SO ORDERED.

#   #   #

APPROVED:

*/s/ Clayton D. Ketter*
Clayton D. Ketter, OBA No. 30611
Jason M. Kreth, OBA No. 21260
Fred A. Leibrock, OBA #14146
PHILLIPS MURRAH P.C.
Corporate Tower, 13th Floor
101 North Robinson Avenue
Oklahoma City, OK 73102
(405) 235-4100 - telephone
(405) 235-4133 - facsimile
cdketter@phillipsmurrah.com
jmkreth@phillipsmurrah.com
faleibrock@phillipsmurrah.com
**Attorneys for Debtor**

*/s/ Jeffrey E. Tate*
Marjorie J. Creasey, OBA #17819
Jeffrey E. Tate, OBA #17150
OFFICE OF THE UNITED STATES TRUSTEE
215 Dean A. McGee, Room 408
Oklahoma City, OK  73102
(405) 231-4393
(405) 231-5958 (fax)
Marjorie.Creasey@usdoj.gov
Jeff.Tate@usdoj.gov

*/s/ Kiran A. Phansalkar*
Kiran A. Phansalkar, OBA #11470
Conner & Winters, LLP
1700 One Leadership Square
211 N. Robinson Ave.
Oklahoma City, OK 73102
Telephone: (405) 272-5711
Facsimile: (405) 232-2695
Email: kphansalkar@cwlaw.com

and

Charles S. Stahl, Jr. (IL #2699915)
Swanson, Martin & Bell, LLP
2525 Cabot Drive, Suite 204
Lisle, IL 60532
Telephone: (630) 799-6990
Facsimile: (630) 799-6901
Email: cstahl@smbtrials.com

and

Joseph P. Kincaid (IL #6202639)
Swanson, Martin & Bell, LLP
330 N. Wabash, Suite 3300
Chicago, IL 60611
Telephone: (312) 321-8442
Facsimile: (312) 321-9100
Email: jkincaid@smbtrials.com
**Attorneys for Exelon Business Services Company, LLC**